UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH WALTON,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION AKA: FANNIE MAE, CHASE HOME FINANCE, LLC, AND JPMORGAN CHASE,<br><br>    Defendants. | Civil Action No. 24-1343 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Deborah Walton bought a residential property in Carmel, Indiana, in 2007 using a mortgage from Washington Mutual Bank, which has since been acquired by JPMorgan Chase Bank. See ECF No. 6 (MTD) at 1–2. After Plaintiff defaulted on her mortgage, Chase commenced foreclosure proceedings on her property in February 2024. See ECF No. 1 (Compl.) at 1–2; MTD at 1–2. Walton asserts that she had the ability to pay off the mortgage debt but was waiting to do so until Chase responded to questions she had posed regarding her debt calculation, which it never did. See Compl. at 1–2. She has since brought over 20 different lawsuits in various federal courts around the country to contest the foreclosure. See, e.g., Walton v. First Merchants Bank, 2022 WL 3999965 (7th Cir. Sept. 1, 2022); Walton v. First Merchants Corp., et al., 2023 WL 2541774 (E.D. Mich. Mar. 16, 2023); Walton v. JP Morgan Chase Bank, N.A., 2024 WL 1614331 (S.D.N.Y. Apr. 3, 2024).

Walton, who is Black, filed this action against Chase and the Federal National Mortgage Association (Fannie Mae) in May 2024, contending that Chase's refusals to respond to her

1

questions regarding her mortgage debt violate various civil-rights statutes protecting racial minorities. See Compl. at 1–2, 4–5. Asserting that Walton's suit — like her many others — is baseless, Defendants now move to dismiss or for transfer back to Indiana. See MTD at 6–11.

Because the relevant factors favor transfer, the Court will grant that part of the Motion and transfer the case to the Southern District of Indiana.

## I.  Legal Standard

Even if a plaintiff has brought her case in a proper venue, a district court may, "[f]or the convenience of parties and witnesses, in the interest of justice, . . . transfer [the case] . . . to any other district . . . where [the case] might have been brought." 28 U.S.C. § 1404(a). District courts have "discretion . . . to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

"To warrant transfer under § 1404(a), the movant must first show that the plaintiff could originally have brought the case in the transferee district." Ngonga v. Sessions, 318 F. Supp. 3d 270, 274 (D.D.C. 2018) (quoting Douglas v. Chariots for Hire, 918 F. Supp. 2d 24, 31 (D.D.C. 2013)). "The movant must also show that 'considerations of convenience and the interest of justice weigh in favor of transfer.'" Id. This second inquiry "calls on the district court to weigh in the balance a number of case-specific factors" related to both the private and public interests at stake. See Stewart Org., 487 U.S. at 29. The burden is on the moving party to establish that transfer is proper. See Ngonga, 318 F. Supp. 3d at 274.

## II.  Analysis

The first part of the § 1404(a) test is met. A venue is proper if, for example, it is in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). Since all events underlying this case occurred in Indiana and the property at issue is located there, it is clear that Plaintiff could have brought her case in the Hoosier State. The Court will thus devote its analysis to the second part of the § 1404(a) inquiry, first examining the private-interest factors and then the public-interest ones.

### A.  Private-Interest Factors

The private-interest factors are: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." Ngonga, 318 F. Supp. 3d at 274 (cleaned up).

"While a plaintiff's choice of forum is usually given deference, this deference is 'not always warranted where the plaintiff's choice of forum has no meaningful ties to the controversy, and where transfer is sought to a forum with which plaintiff[] ha[s] substantial ties and where the subject matter of the lawsuit is connected.'" Id. at 275 (quoting Jimenez v. R&D Masonry, Inc., 2015 WL 7428533, at *3 (D.D.C. Nov. 20, 2015)). "Indeed, when the forum preferred by the plaintiff is not his home forum, and the defendant prefers the plaintiff's home forum, there is little reason to defer to the plaintiff's preference." Id. (cleaned up).

That is the case here, as this is not Walton's home forum and Defendants prefer her home forum. Plaintiff nonetheless asserts that the District of Columbia is the preferred venue both because she is barred from filing in the Southern District of Indiana and because both Fannie Mae and Chase have offices here. See ECF No. 15 (Opp.) at 7–8. Her first point has no relevance in a venue analysis, see Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Tex., 571 U.S. 49 (2013) (concluding venue proper if § 1391(b) requirements are met regardless

3

of suit being barred in transferee district), and the second is overcome by other considerations — *i.e.*, Walton's Indiana residence and the fact that all events occurred there.  "As the subject matter of this suit is thus connected to the [Southern] District of [Indiana], which is also Plaintiff['s] home forum, Plaintiff['s] choice of forum receives no deference." Ngonga, 318 F. Supp. 3d at 275.

Moving on, although a defendant's choice of forum is relevant in deciding a § 1404(a) motion, it is also not entitled to deference.  Tower Labs., Ltd. v. Lush Cosmetics Ltd., 285 F. Supp. 3d 321, 326 (D.D.C. 2018).  The first two factors thus cancel each other out.  In addition to the parties' choices then, the Court must also consider where Walton's claims arose.  As that is Indiana, the third factor weighs in favor of a transfer.

The final three private-interest factors all relate to convenience.  Walton resides in Indiana, and she thus "cannot reasonably claim to be inconvenienced by litigating in [her] home forum."  Aishat v. U.S. Dep't of Homeland Sec., 288 F. Supp. 3d 261, 270 (D.D.C. 2018) (quoting Tower Labs., 285 F. Supp. 3d at 326).  Chase is at home in New York and Delaware, while Fannie Mae is headquartered in the District of Columbia.  See Compl. at 4.  Given that Chase will be foreign wherever the case lands, and both Plaintiff and Fannie Mae are requesting a venue that is not their home, the convenience factor remains neutral.  As the parties did not address the convenience to witnesses or ease of access to sources of proof, the Court will likewise ignore these questions.

The private-interest factors thus collectively weigh in favor of transferring the case.

B.  Public-Interest Factors

The public-interest factors are "(1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee courts; and (3) the

4

local interest in having local controversies decided at home." Ngonga, 318 F. Supp. 3d at 274 (cleaned up).

First, the legal issues in this case involve only federal statutes, and all federal courts are presumed "competent to decide federal issues correctly." Nat'l Wildlife Fed'n v. Harvey, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (quoting In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1175 (D.C. Cir. 1987)). "Thus, both courts are competent to interpret the federal statutes involved in this case, and there is no reason to transfer or not transfer based on this factor." Id.

Next, neither party asserts that the caseloads of either district would affect the case's outcome, so this factor is neutral as well. See Ngonga, 318 F. Supp. 3d at 276.

Finally, "[t]he interest in deciding local controversies at home is the public interest factor of most importance[.]" Bourdon v. Dep't of Homeland Sec., 235 F. Supp. 3d 298, 308 (D.D.C. 2017). "To determine whether a controversy is local in nature, courts consider a wide variety of factors, including: where the challenged decision was made; whether the decision directly affected the citizens of the transferee state; the location of the controversy[;] whether the issue involved federal constitutional issues rather than local property laws or statutes; whether the controversy involved issues of state law[;] whether the controversy has some national significance; and whether there was personal involvement by a District of Columbia official." Otay Mesa Prop. L.P. v. U.S. Dep't of Interior, 584 F. Supp. 2d 122, 126 (D.D.C. 2008). Defendants assert that "[t]he property is in Indiana, the foreclosure is occurring in Indiana, and any alleged discrimination occurred in Indiana." MTD at 11. They further note that a District of Columbia official is not involved in this case. Id. Plaintiff does not contest these facts. The Court thus finds that this factor compels the conclusion that transfer is warranted.

Since the third is the only non-neutral public-interest factor, these likewise weigh in favor of a transfer.

### III.     Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order granting the Motion and transferring the case to the Southern District of Indiana.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  September 16, 2024